UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | No. 25-CR-164 (JMC) |
| **EMILY SOMMER** | : | |

### MOTION FOR BILL OF PARTICULARS

Defendant, Emily Sommer, through undersigned counsel, hereby moves this Honorable Court for a Bill of Particulars.  Ms. Sommer is charged in the Second Superseding Indictment with three counts of assaulting a federal official in violation of 18 U.S.C. § 111(a)(1).  Count 1 alleges that Ms. Sommer assaulted interim United States Attorney for the District of Columbia Edward R. Martin, Jr. on May 8, 2025.  Count 2 alleges that Ms. Sommer assaulted United States Marshal Jeffrey Martin on May 22, 2025.  Count 3 alleges that Ms. Sommer assaulted United States Marshal Megan Kirn on May 22, 2025.  All three counts allege that Ms. Sommer made "physical contact with the victim" which elevates the charged acts from misdemeanors to felonies with an 8-year statutory maximum.

The defense has requested a bill of particulars from the government because the indictment is drafted in a manner that does not provide sufficient information to Ms. Sommer for her to mount a proper defense against the charges.  None of the counts specifically allege what physical contact Ms. Sommer is alleged to have made with each of the complainants.

Pursuant to Fed. Rule Crim. Proc. 7(f), Ms. Sommer moves for a bill of particulars that specifically indicates what actions the government alleges Ms. Sommer took that constituted physical contact.  Because the indictment fails to set forth this material, a bill of particulars is appropriate.

1

A bill of particulars serves to provide a defendant with essential details of the charges against him in order that he is adequately "informed of the nature and cause of the accusation" under the Sixth Amendment and can be prepared to meet the charges and avoid surprise. *Russell v. United States*, 369 U.S. 749, 763 (1962). The indictment must also be sufficiently specific to satisfy the Fifth Amendment guarantee against double jeopardy. "[I]t must be clear enough, when coupled with the record of the proceedings, to preclude double jeopardy, i.e., the nature of the acquittal or conviction must be sufficiently clear to bar further prosecution for the same crime." *Hsu v. United States*, 392 A.2d 972, 976-7 (D.C. 1978); *see also United States v. Addonizio*, 451 F.2d 49, 63-64 (3rd Cir. 1971), *cert. denied*, 405 U. S. 936 (1972); *United States v. Pollack*, 534 F.2d 964 (1976); *United States v. Baker*, 262 F. Supp. 657, 674 (D.D.C. 1966).

A bill of particulars should be granted where a defendant is not apprised of the "central facts which will enable him to conduct his own investigation of the transactions giving rise to the charge," *United States v. Manetti*, 323 F. Supp. 683, 695-96 (D. Del. 1971), and where "nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation ...." *United States v. Thevis*, 474 F. Supp. 117, 123-24 (N. D. Ga. 1979).

A court may "direct the government to file a bill of particulars" under Federal Rule of Criminal Procedure Rule 7(f). A bill of particulars helps to "ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *see also United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (describing bill of particulars as ensuring that charges "are stated with sufficient particularity" to fulfill these purposes). A request for a bill of

particulars "properly includes clarification of the indictment." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999).

In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court overturned convictions for violating 24 U.S.C. § 192 making it a misdemeanor for anyone summoned to testify before a Congressional Committee to refuse to answer "any question pertinent to the question under inquiry." The indictments there stated that the questions to which the answers were refused "were pertinent to the question then under inquiry" by the subcommittee, but failed to identify the subject under inquiry at the time of the alleged offense. The defendants filed motions to quash the indictments before trial, which had been denied. In reversing the convictions, the Supreme Court stated:

> To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of the basic protection which the guaranty of the intervention of the grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

369 U.S. at 770.

The defendant should be apprised fully of the acts constituting the charges against her so that she can prepare for trial. The government should be required to advise counsel of the material facts that it is alleging so that she can prepare for trial and be properly notified of the crimes she is alleged to have committed. Since the grand jury is secret, the indictment is basically the record for a defendant facing charges of what the grand jury considered. The precise activity that is in question and the participation of those involved should be provided so that there will be no confusion about any other activity that the defendant engaged in. Without the particulars specified, it will be difficult, if not impossible, to defend against the charged offenses.

WHEREFORE, for the foregoing reasons, Ms. Sommer respectfully moves this Honorable Court to compel the government to provide a Bill of Particulars responsive to this Motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

*/s/ Diane Shrewsbury*
DIANE SHREWSBURY
ALEXIS GARDNER
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500