UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | No. 25-CR-164 (JMC) |
| **EMILY SOMMER** | : | |

## REPLY IN SUPPORT OF MOTION TO SEVER COUNTS

Ms. Emily Sommer, through undersigned counsel, respectfully submits this reply in support of her motion pursuant to Federal Rules of Criminal Procedure 8(a) and 14 to grant her relief from the misjoinder and prejudicial joinder of Counts One to Counts Two and Three.

There is no overlapping proof between Count One and Counts Two and Three. The evidence related to Count One includes a videos of the interaction on May 8, 2025, evidence related to the identification of Ms. Sommer, and X messages allegedly from Ms. Sommer after the event.[1] Evidence related to her arrest on May 22, 2025 has no bearing on the elements of § 111(a)(1) as it pertains to Edward Martin. At a trial on only Count One, the fact of her arrest and any actions taken during her arrest are not relevant and not admissible.

This case is distinguishable from *United States v. Delgado*, No. 22-cr-304 (JEB), 2023 WL 8354928 (D.D.C. Dec. 1, 2023). First, in *Delgado*, Chief Judge Boasberg described the three instances of hostage taking as "nearly mirror-image hostage takings." *Id*. at *4. The same cannot be said here. The allegations in Count One and Count Two are not mirror images of one another. They are separate and distinct events. Additionally, in *Delgado*, Chief Judge Boasberg stressed

---

[1] Ms. Sommer does not concede the relevance or admissibility of any of this evidence.

that the inclusion of a conspiracy charge explained why joinder was appropriate. *Id*. at *5. There is no conspiracy charge here and the offenses are not related.

Similarly, any facts related to the alleged spitting of Edward Martin are not relevant or admissible in a trial on Counts Two and Three. As this Court held in *United States v. Pruden*, No. No. 22-cr-231 (JMC), that facts surrounding a prior arrest were inadmissible, even though an explanation for the arrest would be necessary at trial. Like in *Pruden*, the Court can instruct the jury that the interaction took place during a lawful arrest. The facts underlying the arrest would not be relevant or admissible. Joinder was inappropriate and Count One should be severed from Counts Two and Three.

Even if the Court finds the counts were properly joined, they should be severed under Rule 12 because the joinder of Count One to Counts Two and Three in the indictment creates the very real danger that the jury will cumulate all evidence and "find guilt when, if considered separately, it would not so find." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (quoting *Drew*, 331 F.2d at 88). The government argues that facts about one of the spitting incidents would be admissible under FRE 404(b) in the other, stating that it would show lack of mistake. Facts of one spitting are not admissible as 404(b) evidence if Count One was severed from Counts Two and Three. The government is manufacturing an argument about lack of mistake, which is not present here. This case is not about mistake, but is about whether Ms. Sommer forcibly assaulted Ed Martin and made contact. "[S]uch evidence is *never* admissible unless it is 'necessary' to establish a material fact such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United States v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980) (emphasis added) (footnote omitted). Any facts related to Count Two would not be necessary in a trial on only Count One, and vice versus.

Additionally, the potential probative value, if there even is any, it is substantially outweighed by the potential for prejudice here if in a severed trial, evidence of the other alleged spitting was admitted under Rule 404(b). The possibility that the jury will use the allegations and evidence related to Counts Two and Three to assume a propensity and find Ms. Sommer guilty of Count One creates real and significant prejudice.

There is also extreme potential for prejudice if Count One is tried with Counts Two and Three, or if evidence. The weight of the evidence and issues related to Counts Two and Three are distinct from Count One, which presents different possible defenses and challenges. The similarities, although not mirror-images, are what creates the extreme risk of prejudice here. The risk is the cumulative nature of similar, but entirely unrelated, events aggregating in the jury's mind and causing the jury to find guilt, not because of sufficient evidence on each count, but because of the cumulative nature of the allegations.

## **Conclusion**

For the reasons herein and in the motion to sever, Ms. Sommer respectfully moves the Court to sever Count One from Counts Two and Three in the Indictment and order separate trials.

                                                Respectfully submitted,

                                                A. J. KRAMER
                                                FEDERAL PUBLIC DEFENDER

                                                */s/ Diane Shrewsbury*
                                                Diane Shrewsbury
                                                Alexis Morgan Gardner
                                                Assistant Federal Public Defenders
                                                625 Indiana Avenue, N.W., Suite 550
                                                Washington, D.C. 20004
                                                (202) 208-7500